UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 22-cr-26-pp

   v.

RAMONA FRYER,

        Defendant.

## ORDER DENYING DEFENDANT'S LETTER REQUEST FOR FIRST STEP ACT CREDIT (DKT. NO. 832)

On October 1, 2025, after she had pled guilty to one count of conspiracy to possess with intent to distribute controlled substances and one count of conspiracy to commit money laundering, the court sentenced the defendant to a total term of seventy-eight months' incarceration (six and a half years). Dkt. No. 686. The presentence investigation report explained that the defendant had been arrested in Minnesota on November 29, 2022 and had been temporarily detained there. Dkt. No. 516 at ¶2. On December 2, 2022, the magistrate judge in Minnesota ordered the defendant released on conditions but stayed the order until December 5, 2022. Id. at ¶3. On December 5, 2022, a judge in this district further stayed the release order until the defendant could be removed to this district (the Eastern District of Wisconsin). Id. at ¶4. On February 6, 2023, the magistrate judge in this district vacated the Minnesota judge's release order and ordered the defendant detained pending trial. All told, then,

1

the defendant was in pre-sentencing custody from November 29, 2022 (the date of her arrest) to October 1, 2025 (the date of her sentencing hearing)—two years, ten months and two days. Accordingly, the court included in the judgment a recommendation that the Bureau of Prisons credit the defendant for the time she spent in federal custody prior to the October 1, 2025 sentencing hearing. Dkt. No. 686 at 2 (recommending that "the Bureau of Prisons credit the defendant for the time she spent in federal custody prior to the date of sentencing.").

On March 2, 2026, the court received a one-page letter from the defendant asking whether there was any way she could request "FSA credit for the time [she] served in county because they are not applying it to [her] time here."[1] Dkt. No. 832. The defendant says that she served "3 yrs 1 month & 10 days[2] in the county." Id. She says that she understands if the court is unable to credit her all that time, but says she feels that she should be credited "at least some of the time" because she had spent over half her time in a county jail, "which is much harder than actually being in prison." Id. She asks the court to "consider [her] request or guide [her] in the right way of [her] request." Id. The defendant reports that she is doing extremely well, has not gotten into trouble and is enrolled in the trauma program. Id.

---

[1] "Here" is the Federal Correctional Institution in Tallahassee, Florida. Dkt. No. 832 at 1. See also, www.bop.gov/inmateloc/ for Ramona Fryer, Register Number 33653-510 (last visited April 20, 2026).

[2] It is not clear how the defendant came up with this number of days, given that she was arrested on November 29, 2022 and sentenced on October 1, 2025.

2

The court will construe the defendant's letter request as a motion for sentence credit, which it must deny.

The defendant's letter refers to "FSA credit." Dkt. No. 686. The court suspects the defendant was referring to the First Step Act of 2018, which both created a new type of federal sentencing credit—called "Earned Time Credits," 18 U.S.C. §3632(d)(4)(A)—and revised how the Bureau of Prisons calculates "Good Time Credits" under 18 U.S.C. §3624(b). Earned time credits allow a federally convicted person to earn ten (or eventually, fifteen) days of sentence credit for every thirty days that the defendant participates in programming. 18 U.S.C. §3632(d)(4)(A). Good time credits, on the other hand, are the days that can be deducted from the defendant's sentence for every year of an imposed sentence that she complies with institutional standards. 18 U.S.C. §3624(b).

The court infers from the defendant's letter that she believes that this court can and should give her "FSA credit" for the time she spent in the county jail before the court sentenced her. But although she mentions the "FSA," the defendant is not really asking for either kind of FSA credit—earned release credits *or* good time credits. She's simply asking for credit for the time she was in custody awaiting sentencing—time that was not credited to any other state or federal sentence. The court intended for her to get credit for that two years and ten months, and it recommended that the BOP treat her as if she'd already served two years and ten months of the seventy-eight-month sentence.

A federal court doesn't have the authority to *order* the BOP to give her that credit—at least, not before she's asked the BOP to do so. The law states

3

that only the Attorney General of the United States, acting through the BOP, has the authority to calculate and award sentence credit. See United States v. Walker, 917 F.3d 989, 993 (7th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)); see also United States v. Jones, 34 F.3d 495, 499 (7th Cir. 1994) ("only the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served."). That is why the court only *recommended* in the judgment that the BOP give the defendant credit for the time she spent in federal custody prior to sentencing—the court did not have the authority to *order* the BOP to credit her for that time.

A federally convicted person may ask *the Attorney General*—specifically, the BOP—for sentence credit. If the BOP denies such a request, and the defendant believes the BOP was wrong to deny it, she may seek review with a federal court by filing a *habeas* petition under 28 U.S.C. §2241. ("Such requests for sentence credit, or for recalculation of time yet to serve must be presented to the Attorney General (or his delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241." United States v. Earls, 755 Fed. App'x 581, 582 (7th Cir. 2019) (citation modified); see also United States v. Spengler, Case No. 06-cr-273-pp, 2020 WL 1929074, at *1 (dismissing defendant's letter request for First Step Act recalculation because the defendant "has provided no proof that he exhausted his administrative remedies."); United States v. Taylor, 605 F.Supp.3d 1079, 1084 (N.D. Ill. 2022) (noting that the proper vehicle for a complaint about the

4

BOP's computation of the defendant's sentence was the BOP's administrative procedures and, after exhaustion, through a 28 U.S.C. §2241 petition in the district where the defendant was incarcerated)). The defendant is free to talk with her case manager at FCI Tallahassee if she believes that the BOP has not correctly computed her sentence credit.

It appears to the court that the BOP *has* correctly calculated the defendant's sentence credit. The court sentenced the defendant on October 1, 2025. Her seventy-eight-month (six-and-a-half year) sentence "commenced"— began running—on that date. If she had gotten *no* credit at all—for presentence detention or earned time or good time—her seventy-eight-month sentence would expire on or around April 1, 2032. The Bureau of Prisons web site shows, however, that her scheduled release date is May 3, 2028—three years and eleven months *earlier than* April 1, 2032. www.bop.gov/inmateloc/ for Ramona Fryer, Register No. 33653-510. Put another way, the BOP shows that the defendant's release date is five years, five months and four days from the date she was *arrested* (November 29, 2022), not from the date she was sentenced (October 1, 2025). It appears to the court that the BOP has given the defendant credit both for the two years and ten months she spent in custody before her sentencing hearing *and* credited her for good-time credit equating to about fifty-four days for each of the six and a half years of her sentence.

This court is no expert on sentence computation—that is the BOP's job and responsibility. Again, the defendant should feel free to check with her case manager or the Computation Center in Grand Prairie if she believes that she is

due more sentence credit than she has received. But again, it appears to the court that she *has* received the credit the court recommended she receive.

The court congratulates the defendant on how well she is doing and urges her to keep up the good work.

The court **CONSTRUES** the defendant's letter at Dkt. No. 832 as a motion for sentence credit.

The court **DENIES** the defendant's motion for sentence credit. Dkt. No. 832.

Dated in Milwaukee, Wisconsin this 21st day of April, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

6